**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   William J. Whitsitt,                          No. C 09-2387 JL

12              Plaintiff,

13       v.                                        **ORDER DENYING LEAVE TO FILE
                                                   MOTIONS FOR RECONSIDERATION
14   Judge Hugh Walker, et al.,                    (Docket #s 45, 46, 47, 48)**

15              Defendants.
     _____/
16
     **I.      Introduction**
17
           This Court received Plaintiff's Objections to the Court's rulings dismissing his
18
     complaint without leave to amend as to Defendants the Hon. Hugh Walker, the County of
19
     Alameda, the City of Dublin, the Alameda County District Attorney's Office, and Ronda
20
     Theisen.
21
     **II.     Legal Standard for granting leave to file a motion for reconsideration**
22
           The Court interprets Plaintiff's Objections as motions for leave to file a motion for
23
     reconsideration of the Court's orders of dismissal filed at Docket #s 40, 43 and 44.
24
           Civil Local Rule 7-9, at subsections (a) and (b) provides that
25
           "[B]efore the entry of a judgment adjudicating all of the claims and the rights and
26         liabilities of all the parties in a case, any party may make a motion before a Judge
           requesting that the Judge grant the party leave to file a motion for reconsideration of
27         any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9
           (b). No party may notice a motion for reconsideration without first obtaining leave of
28         Court to file the motion.

C-09-2387 ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION              Page 1 of 3

**United States District Court**
For the Northern District of California

1    In addition, the Local Rule requires that  the moving party must specifically show:

2    (1)    That at the time of the motion for leave, a material difference in fact or law
3           exists from that which was presented to the Court before entry of the
            interlocutory order for which reconsideration is sought. The party also must
4           show that in the exercise of reasonable diligence the party applying for
            reconsideration did not know such fact or law at the time of the interlocutory
5           order; or

6    (2)    The emergence of new material facts or a change of law occurring after the
            time of such order; or

7    (3)    A manifest failure by the Court to consider material facts or dispositive legal
            arguments which were presented to the Court before such interlocutory order.
8
9    (c)    No motion for leave to file a motion for reconsideration may repeat any oral or
            written argument made by the applying party in support of or in opposition to
            the interlocutory order which the party now seeks to have reconsidered. Any
10          party who violates this restriction shall be subject to appropriate sanctions.

11   (d)    Unless otherwise ordered by the assigned Judge, no response need be filed
            and no hearing will be held concerning a motion for leave to file a motion to
12          reconsider. If the judge decides to order the filing of additional papers or that
            the matter warrants a hearing, the judge will fix an appropriate schedule.
13

14         This Court finds that no response or further briefing is necessary to decide this

15   motion.

16         A court has inherent power to reconsider and modify its interlocutory orders prior to

17   the entry of judgment. *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005).

18         However, reconsideration is an "extraordinary remedy, to be used sparingly." A

19   motion for reconsideration will be denied "unless the District Court is presented with newly

20   discovered evidence, committed clear error, or if there is an intervening change in the

21   controlling law." *Kona Enterprises, Inc. V. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

22   2000).

23   **III.    Analysis and Conclusion**

24         In this case, Plaintiff fails to present newly discovered evidence or an intervening

25   change in the law, so the Court assumes he is arguing that the Court committed clear error

26   in its rulings. Plaintiff repeats his same arguments with multiple citations to inapposite legal

27   authorities and invocations of divine power which he believes to be on his side.

28

1    This Court carefully reexamined its rulings in light of Plaintiff's Objections and

2  reaches the same conclusion as before: because Plaintiff fails to allege facts that entitle

3  him to relief, his claims against Defendants must be dismissed without leave to amend.

4  Amendment would be futile in this case because the deficiencies in Plaintiff's complaint

5  could not be cured by granting him the opportunity to allege additional facts.

6    Accordingly, leave to file a motion for reconsideration is hereby denied.

7    IT IS SO ORDERED.

8  DATED: December 21, 2009

9

10  _____
   James Larson
   United States Magistrate Judge

11

12

13

14

15

   G:\JLALL\CHAMBERS\CASES\CIVIL\09-2387\Deny Reconsideration.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California